IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE
APR 2 8 2008
UNITED STATES DISTRICT JUDGE

NATHANIEL TRADER,
    Petitioner,

v.                          Case No. CR B-93-0368

UNITED STATES OF AMERICA,
    Respondent.
_____/

MOTION IN OPPOSITION
OF PUBLIC DEFENDER'S STATUS REPORT
AND MOTION FOR NEW COUNSEL OR TO PROCEED PRO SE

    Comes now Nathaniel Trader, Pro se (hereinafter Petitioner), in opposition of appointed counsel's status report, which is in violation of §1B1.10 policy statment and United States v. Booker, 543 U.S. 220 (2005), and asserts the following:

    The public defender's status report submits that the "U.S. Probation has submitted a report indicating that the defendant is not eligible to seek a reduced sentence 'because the defendant was involved with distribution or possession with the intent to distribute 15.84 kilograms of cocaine base'" and therefore "His base offense level of 38 for the count of conviction did not lower under the new crack amendments."

    (1) Section 1B1.10(b)(1) stipulate:

> In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment (s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was

1

sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. §1B1.10 as revised by App.C, Supp.Amend. 712. As found by this Court, and set forth in Petitioner's § 3582 motion, drug quantity was "in excess of one and a half kilos" (Sent.Trans., Pg.85(L.5)) at level 38, with a two level increase under 3B1.1(c) to level 40, at Criminal History Category I, Guideline range of 292-365. This Court sentenced Petitioner to the low-end and, after credit for time served of 18 months, imposed a term of imprisonment of 274 months. See Sent.Trans., Pp.101(L.10-13), 110(L.3-5); see also § 3582 motion, Pp.3, 5-7.

Accordingly, in substituting Amendment 706, the status report is in violation of §1B1.10(b)(1)'s "and shall leave all other guideline application decisions unaffected" because of its increasing of drug quantity from 1.5 kilos, found by this Court, to 15.84 kilos indicated within U.S. Probation's report.

(2) The status report's increase in drug quantity is also in violation of Booker, which made the guidelines unconstitutional to the extent they required a judge to increase a sentence based on facts that were not charged or proven to a jury beyond a reasonable doubt.

The Petitioner's original sentence was imposed under the mandatory, pre-Booker, Sentencing Guidelines' regime, with a base offense level computed under U.S.S.G. §2D1.1 of the Guidelines for a crack cocaine quantity that exceeded 1.5 kilograms. Based on the Amendment's retroactivity, the Statutory authority underlying it, the Commission's §1B1.10 policy statement, and the United States Supreme Court's intervening decisions in Booker, Kimbrough

v. United States, 128 S.Ct. 558 (2007), <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), and <u>Gall v. United States</u>, 128 S.Ct. 586 (2007), Petitioner is warranted relief under section 3582(c)(2). 18 U.S.C. § 3582(c)(2); U.S.S.G. App.C, Supp.Amend. 706, 712.

(3) Given the status report's violation of §1B1.10 policy statement and <u>Booker</u>, the Petitioner assert that appointed counsel has shown ineffectiveness by either not reviewing Petitioner's submitted § 3582 motion and court records, or illiterate to U.S. Supreme Court precedent of constitutional law, or both, and is requesting for appointment of counsel whom will represent his best interest or to proceed <u>Pro se</u>.

## CONCLUSION

THEREFORE, based on the foregoing and in the interest of justice, Petitioner respestfully pray that this Honorable Court grant Motion to Modify Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2) in its <u>Pro se</u> status, or whatever the Court finds just and proper.

Respectfully submitted,

Dated: 4/24/08

Nathaniel Trader, Pro se
Reg. No. 29601-037
F.C.I. Fort Dix
P.O. Box 2000 (Camp)
Fort Dix, N.J. 08640

## CERTIFICATE OF SERVICE

I, Nathaniel Trader, certify that this document, Motion in Opposition of Public Defender's Status Report and Motion for New Counsel or to Proceed <u>Pro se</u>, was handed to a F.C.I. Fort Dix

3

Officer to be mailed First Class Postage, prepaid, on April 24/08 2008, and forwarded to:

    Christine Manuelian, A.U.S.A.
    101 West Lombard Street
    Baltimore, Maryland 21201

    Denise C. Barrett, A.F.P.D.
    Office of the Federal Public Defender
    District of Maryland, Northern Division
    Tower II, Suite 1100
    100 South Charles Street
    Baltimore, Maryland 21201-2705

pursuant to Houston v. Lack, 487 U.S 266, 270 (1988).

Executed: 4/24/08        _____
                                       Signature